13-1049
Chen v. Holder

BIA
Mulligan, I.J.
A087 780 828

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT
# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of May, two thousand fourteen.

PRESENT:
　　　　RICHARD C. WESLEY,
　　　　DEBRA ANN LIVINGSTON,
　　　　DENNY CHIN,
　　　　　　*Circuit Judges.*
_____

JISONG CHEN, AKA JI SONG CHEN,
　　　　*Petitioner,*

　　　　v.　　　　　　　　　　　　　　　13-1049
　　　　　　　　　　　　　　　　　　　　NAC

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
　　　　*Respondent.*
_____

FOR PETITIONER:　　　　Vincent S. Wong, New York, New York.

FOR RESPONDENT: Stuart F. Delery, Assistant Attorney General; M. Jocelyn Lopez Wright, Senior Litigation Counsel; Ilissa M. Gould, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Jisong Chen, a native and citizen of China, seeks review of a February 28, 2013, decision of the BIA affirming the April 26, 2011, decision of an Immigration Judge ("IJ") denying asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Jisong Chen*, No. A087 780 828 (B.I.A. Feb. 28, 2013), *aff'g* No. A087 780 828 (Immig. Ct. N.Y. City Apr. 26, 2011). We assume the parties' familiarity with the underlying facts and procedural history of this case.

Because the BIA affirmed the IJ's decision in some respects but not others, we have reviewed the IJ's decision minus the adverse credibility determination, which the BIA declined to reach. *See Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). The standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

Chen argues that the IJ's reliance on *Liu v. Holder*, 632 F.3d 820 (2d Cir. 2011) was misplaced because *Liu* involved a petitioner who was beaten *before* his arrest, but Chen was beaten during his detention.  The record does not support this distinction.  In *Liu*, we found "no error in the BIA's conclusion that [the petitioner] failed to establish persecution because substantial evidence support[ed] the BIA's finding that, *prior* to his arrest and detention by local police, [Liu] suffered only minor bruising from an altercation with family planning officials, which required no formal medical attention and had no lasting physical effect."  *Liu*, 632 F.3d at 822 (emphasis in original).  Chen's testimony established that he was beaten by family planning officials before he was detained at the family planning office (and only after he grabbed one of the officials), resulting in bruising and a bloody nose, for which he did not seek medical attention.  Because the record makes clear that the beating occurred outside of the family planning office and before Chen was detained, the IJ did not err in relying on the holding in *Liu*.

Chen relies on *Gjolaj v. Bureau of Citizenship and Immigration Services*, 468 F.3d 140, 142 (2d Cir. 2006), for the proposition that the severity of even minor injuries "'must be assessed with regard to the context in which the mistreatment

3

occurs,'" and that conduct "'can take on an entirely different character when officially inflicted on an individual while detained on account of protected grounds.'" *Gjolaj*, 468 F.3d at 143 (quoting *Beskovic v. Gonzales*, 467 F.3d 223, 226 (2d Cir. 2006) (emphasis omitted)). However, the record shows that Chen was beaten because he grabbed a family planning official before he was detained, not that he was beaten or detained based on any family planning violation.

Absent past persecution, Chen was required to demonstrate a well-founded fear of future persecution. *See* 8 C.F.R. § 1208.13(b)(2). To establish a well-founded fear of persecution, an applicant must show that he subjectively fears persecution and that this fear is objectively reasonable. *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir. 2004). The agency did not err in finding that Chen's alleged fear was not objectively reasonable because Chen remained in China for nine years after his altercation with family planning officials without suffering any additional harm. *Cf. Melgar de Torres v. Reno*, 191 F.3d 307, 313 (2d Cir. 1999) (holding that ability of applicant's family to remain unharmed "cuts against" finding of a well-founded fear).

As Chen has not met his burden for asylum, he necessarily cannot meet the higher burden for withholding of removal or CAT relief. *See Lecaj v. Holder*, 616 F.3d 111, 119-20 (2d Cir. 2010).

4

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk